**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,**

                  **Plaintiff,**

**-vs-**                                        Case No.  6:06-cv-1560-Orl-31UAM

**EDGE PLASTERING, INC., CED
CONSTRUCTION PARTNERS, LTD., and
WINTER PARK CONSTRUCTION
COMPANY,**

                  **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT AGAINST EDGE
> PLASTERING, INC. (Doc. No. 46)**
>
> **FILED:**      **October 19, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff, Nationwide Mutual Fire Insurance Company ("Nationwide"), sued Defendant Edge Plastering, Inc. ("Edge"), CED Construction Partners Ltd. ("CED"), and Winter Park Construction Company to obtain a declaratory judgment concerning whether a liability insurance policy issued by Nationwide to Edge provides liability coverage with respect to a property damage liability claim involving alleged negligent construction by Edge.  Nationwide has resolved its claims against CED

and Winter Park Construction Company and those two defendants have been dismissed from the action. Doc. 42, 46. Pending before the Court is Nationwide's motion for default judgment against Edge.

The Court is satisfied that Edge was served with the summons and amended complaint in compliance with Fed. R. Civ. P. 4(h)(1) and Fla. Stat. § 48.081. Following Edge's failure to file a response to the amended complaint, the Clerk entered default on February 15, 2007. Doc. 29. Edge has not moved to set aside the default and has not filed a response to this motion. Nationwide now requests that the Court enter a declaratory judgment that was set forth in its prayer for relief in the Amended Complaint. Doc. 46 at 4, Doc. 6 at 11.

**IT IS RECOMMENDED THAT:**

1.  The Court grant Nationwide's motion for default judgment and enter the following decree:

A.  The liability insurance policy issued by Nationwide Mutual Fire Insurance Company to Edge Plastering, Inc. excludes property damage consisting of the cost of repairing and/or replacing the insured's (*i.e.*, Edge's) own faulty workmanship.

B.  Nationwide Mutual Fire Insurance Company has no duty to defend and no duty to indemnify Edge Plastering Inc. against allegations of "property damage" set forth in the demand for arbitration by Winter Park Construction Company against Edge Plastering, Inc. because it cannot be established that any alleged covered property damage occurred during the Policy period, *i.e.*, it cannot be established that covered property damage occurred during the period after Edge Plastering, Inc. completed its work on the project in 1994 and before the expiration of Nationwide's Policy on June 21, 1997.

    2.    The Court dismiss the action, and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 9, 2007.

                                      *Donald P. Dietrich*
                                  DONALD P. DIETRICH
                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell